Filed 5/9/13  Rees v. Laubscher CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SAMUEL T. REES, | B237529 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC363173) |
| v. | |
| BARRY R. LAUBSCHER, | |
| Defendant and Respondent. | |

APPEAL from a judgment and order of the Superior Court of Los Angeles County. Gregory W. Alarcon, Judge. Affirmed.

Samuel T. Rees, in pro. per., for Plaintiff and Appellant.

Barry R. Laubscher, in pro. per.; Lewis Brisbois Bisgaard & Smith and Gary M. Lape for Defendant and Respondent.

Plaintiff and appellant Samuel T. Rees (Rees) appeals from the summary judgment entered in favor of defendant and respondent Barry R. Laubscher (Laubscher) in this action for breach of contract and for dissolution and accounting of a partnership. Rees also appeals the denial of his motion for costs under Code of Civil Procedure section 1032 following Laubscher's voluntary dismissal of a cross-complaint. We affirm the judgment and the order denying Rees's motion for costs.

## BACKGROUND

**Parties**

Rees and Laubscher are both attorneys who were "of counsel" to Daar & Newman, a professional law corporation (Daar & Newman). In 1999, Rees began providing legal services on client matters originated by Laubscher. The client matters included both hourly and contingent fee work, and Laubscher paid Rees a portion of the fees collected from these clients.

A dispute arose between the parties in connection with Laubscher's payments to Rees for work performed on certain contingent fee matters, including a matter for a client named Grand Sprinkler Supply, Inc. (Grand Sprinkler).

**Complaint**

On December 11, 2006, Rees filed a verified complaint against Laubscher for breach of contract and for dissolution of partnership and an accounting. In his first cause of action for breach of contract, Rees alleged that he and Laubscher entered into an agreement to represent clients through Daar & Newman on a contingency fee basis and to divide recoveries on client matters between them on a pro rata basis according to hours worked on the matter, after payment of unreimbursed costs and a 12.5 percent fee to the attorney originating the work. Rees further alleged Laubscher owed him more than $200,000 in unpaid fees on various matters, including the Grand Sprinkler matter.

In his second cause of action for dissolution of partnership and an accounting, Rees alleged that he and Laubscher formed a general partnership to provide legal services to clients of Daar & Newman on a contingency fee basis. The terms of the partnership, Rees alleged, were set forth in writings and emails between him and Laubscher and

2

consisted principally of the fee sharing arrangement described in the first cause of action. Rees further alleged that during the existence of the partnership, Laubscher became dissatisfied with Rees and terminated his services. Rees prayed for a declaration dissolving the partnership, an accounting of partnership receipts and disbursements, appointment of a receiver to take control of the Grand Sprinkler recovery, distribution of partnership assets, and damages.

**Summary judgment motion**

Laubscher filed an answer to Rees's verified complaint, as well as a cross-complaint for breach of contract and declaratory relief.

Laubscher then moved for summary judgment as to the causes of action asserted in Rees's complaint on the grounds that rule 2-200(A)(1) of the California Rules of Professional Conduct (rule 2-200) barred the causes of action; there was no legally cognizable partnership to dissolve; and if such a partnership existed, Rees failed to name necessary and indispensable parties.

In support of his motion, Laubscher submitted his own declaration in which he averred that no client, including Grand Sprinkler, had ever agreed in writing to the fee sharing agreement alleged by Rees. Laubscher further stated in his declaration that neither he nor Rees were shareholders in Daar & Newman or in any other law firm; he and Rees at all relevant times were and held themselves out to be "of counsel" to Daar & Newman; Rees never referred in writing to his relationship with Laubscher as a partnership before the Grand Sprinkler dispute; the alleged partnership between Rees and Laubscher obtained no business license, had no business or trust bank accounts, was not registered with the state bar, never issued any K-1's or filed any state or federal income tax forms, and had no written partnership agreement.

Rees opposed the summary judgment motion, arguing that triable issues of material fact existed as to each of the elements of his claims. Rees disputed the fact that Grand Sprinkler had never agreed in writing to his fee sharing agreement with Laubscher. He offered in opposition a retainer agreement entered into by Grand Sprinkler and Daar

3

& Newman (the retainer agreement) and a separate fee sharing agreement between Daar & Newman and the Arizona law firm of Rake & Catanese (the DN/RC agreement).

The retainer agreement states that Grand Sprinkler agreed to retain Daar & Newman as its attorneys to prosecute certain claims against The Toro Company, and that Laubscher, as of counsel to Daar & Newman, would be the attorney primarily responsible for the matter. The retainer agreement further states that Daar & Newman's representation would be on a full contingency fee basis for all services performed and specifies a formula for payment to Daar & Newman a portion of any recovery obtained on behalf of Grand Sprinkler by settlement, judgment, or otherwise.

The DN/RC agreement sets forth the basis upon which Daar & Newman and Rake & Catanese agreed to share fees, if any, earned in the Grand Sprinkler case. The two firms agreed to divide the fees earned, after payment of unreimbursed costs and a 12.5 percent origination fee to Daar & Newman, in proportion to the value of time spent by the respective law firms' personnel. Laubscher and Rees are listed under Darr & Newman personnel at the hourly rate of $300. Other Daar & Newman personnel listed are Michael White at the rate of $240 per hour, Kurt Ressler at the rate of $200 per hour, and Alisa Daniels, a legal assistant, at the rate of $125 per hour. The agreement also lists personnel from Rake & Catanese and their respective hourly rates.

The DN/RC agreement was signed by Laubscher on behalf of Daar & Newman and by David Catanese, a partner of Rake & Catanese. The President of Grand Sprinkler, Chaim Avraham, also signed the DN/RC agreement under the following acknowledgment: "I am aware of the above fee sharing agreement and hereby consent to it on behalf of Grand Sprinkler. I understand that this agreement does not in any way affect or change the total fees to be paid by Grand Sprinkler in the event of a recovery, which are to be determined in accordance with the written fee agreement between Grand Sprinkler and Daar & Newman, which has been approved by the bankruptcy court."[1]

---

[1]     Because Grand Sprinkler was the debtor in a chapter 11 bankruptcy proceeding, its retention of Daar & Newman and its subsequent retention of Rake & Catanese as co-counsel required the approval of the bankruptcy court. Grand Sprinkler obtained the

Rees also submitted the declaration of David Catanese, one of the signatories to the DN/RC fee sharing agreement. Catanese stated in his declaration that Laubscher and Rees both told him that the fee sharing formula set forth in the DN/RC agreement was identical to that used by Rees and Laubscher for sharing fees on other contingency matters the two of them undertook as of counsel to Daar & Newman.

In opposing summary judgment, Rees also disputed the absence of any written partnership agreement between him and Laubscher and the fact that he had never referred in writing to his relationship with Laubscher as a partnership. He offered various email exchanges between himself and Laubscher in which they referred to each other as "partners" as evidence to support his position.

Following a hearing at which both parties presented argument, the trial court granted summary judgment in Laubscher's favor. The court concluded that Rees's cause of action for breach of the alleged fee sharing agreement was barred by rule 2-200 and that the cause of action for dissolution of partnership and an accounting failed because there was no legally cognizable partnership to dissolve, and if there was, Rees had failed to name necessary and indispensable parties.

**Judgment and motion for costs**

The trial court denied a subsequent motion by Rees for clarification or reconsideration of its summary judgment order. Laubscher thereafter voluntarily dismissed his cross-complaint. Following that dismissal, Rees filed a cost bill for $3,608.20. Laubscher moved to strike the cost bill on the ground that Rees was not a prevailing party entitled to costs. The trial court issued an order striking all of Rees's costs and entered judgment against Rees in his action against Laubscher. This appeal followed.

---

bankruptcy court's approval to do so. The Grand Sprinkler case was settled in January 2005.

**DISCUSSION**

## I. Standard of review

Summary judgment is granted when a moving party establishes the right to entry of judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment bears the initial burden of proving that there is no merit to a cause of action by showing that one or more elements of the cause of action cannot be established or that there is a complete defense to that cause of action. (Code Civ. Proc., § 437c, subd. (p)(2); *Cucuzza v. City of Santa Clara* (2002) 104 Cal.App.4th 1031, 1037.) Once the defendant has made such a showing, the burden shifts to the plaintiff to show that a triable issue of one or more material facts exists as to that cause of action or as to a defense to the cause of action. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849.) If the plaintiff does not make such a showing, summary judgment in favor of the defendant is appropriate. In order to obtain a summary judgment, "all that the defendant need do is to show that the plaintiff cannot establish at least one element of the cause of action . . . . [T]he defendant need not himself conclusively negate any such element . . . ." (*Id.* at p. 853.)

We review the trial court's grant of summary judgment de novo and decide independently whether the facts not subject to triable dispute warrant judgment for the moving party as a matter of law. (*Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1348; Code Civ. Proc., § 437c, subd. (c).) We review the trial court's determination that Rees was not a prevailing party entitled to costs under Code of Civil Procedure section 1032 for abuse of discretion. (*Arias v. Katella Townhouse Homeowners Assn., Inc.* (2005) 127 Cal.App.4th 847, 852.)

## II. Summary judgment

### A. *Breach of contract*

Rees challenges the trial court's determination that rule 2-200 barred his cause of action for breach of contract. Rule 2-200 requires full disclosure to a client of any fee sharing arrangement between lawyers who are not partners, associates, or shareholders, and a signed written consent by the client. It provides in relevant part:

"(A) A member shall not divide a fee for legal services with a lawyer who is not a partner of, associate of, or shareholder with the member unless:

"(1) The client has consented in writing thereto after a full disclosure has been made in writing that a division of fees will be made and the terms of such division; and

"(2) The total fee charged by all lawyers is not increased solely by reason of the provision for division of fees and is not unconscionable as that term is defined in rule 4-200."

Failure to comply with the client disclosure and written consent requirements of rule 2-200 renders the fee sharing agreement unenforceable. (*Chambers v. Kay* (2002) 29 Cal.4th 142, 158-160 (*Chambers*).)

### 1. No triable issue regarding client disclosure or consent

Rees contends his fee sharing agreement with Laubscher is set forth in the DN/RC agreement, which complies with rule 2-200 because it was both disclosed to and signed by Grand Sprinkler.

The DN/RC agreement is not evidence of a fee sharing agreement between Rees and Laubscher. The DN/RC agreement, on its face, is between Daar & Newman and Rake & Catanese, not between Laubscher and Rees. The DN/RC agreement sets forth a method by which Daar & Newman and Rake & Catanese agreed to share fees on the Grand Sprinkler case. It does not set forth any method for Laubscher and Rees to share fees, nor does it disclose the existence of any fee sharing agreement between them.

The terms of the DN/RC agreement are not the same as the terms of the fee sharing agreement alleged in Rees's complaint. In paragraph 13 of the verified complaint, Rees alleges that Laubscher, as the "originating party" would be paid a 12.5 percent origination fee. The DN/RC agreement, in contrast, states that a 12.5 percent origination fee will be paid to Daar & Newman, and not to Laubscher.

Rees contends both his declaration and the declaration of David Catanese establish that the DN/RC agreement was intended to govern the division of fees not only between Daar & Newman and Rake & Catanese, but also between Laubscher and Rees. Neither

7

Rees's declaration nor Catanese's declaration raises a triable issue as to whether Grand Sprinkler knew of or consented to the alleged fee sharing agreement between Rees and Laubscher. Catanese's understanding of the fee sharing agreement is not relevant, because disclosure to Catanese was not disclosure to Grand Sprinkler. Although Rees argues that disclosure to Catanese satisfies the client disclosure requirement of rule 2-200 because Catanese's knowledge of the fee sharing agreement should be attributable to Grand Sprinkler, his argument conflicts with the purpose of the notice and consent requirements of rule 2-200. That purpose, our Supreme Court has explained, is to allow a client the opportunity to reject a proposed fee sharing:

> "'Just as a client has a right to know how his or her attorney's fees will be determined, he or she also has a right to know the extent of, and the basis for, the sharing of such fees by attorneys. Knowledge of these matters helps assure the client that he or she will not be charged unwarranted fees just so that the attorney who actually provides the client with representation on the legal matter has "sufficient compensation" to be able to share fees with the referring attorney. . . .' [Citation.] Moreover, '[r]equiring the client's written consent to the fee sharing agreement impresses upon the client the importance of his or her consent, of the right to reject the fee sharing.' [Citation.]"

(*Chambers, supra*, 29 Cal.4th at pp. 156-157, fn. omitted, quoting *Margolin v. Shemaria* (2000) 85 Cal.App.4th 891, 903.)

Rees presented no evidence that raises a triable issue as to whether Grand Sprinkler or any other client knew of and consented to the alleged fee agreement between him and Laubscher.

### 2. **No triable issue as to existence of partnership**

Rees next argues that a triable issue exists as to whether the alleged fee sharing agreement was exempt from rule 2-200 because he and Laubscher were partners. Rule 2-200 does not restrict the division of fees between a member of the State Bar and a lawyer who is "a partner of, associate of, or shareholder with" that member. (Rule 2-200.)

A "partnership" is defined in the Corporations Code as "an association of two or more persons to carry on as coowners a business for profit under Section 16202, predecessor law, or comparable law of another jurisdiction . . . ." (Corp. Code, § 16101,

8

subd. (9).) "Generally, a partnership connotes co-ownership in partnership property, with a sharing in the profits and losses of a continuing business. [Citation.]" (*Chambers, supra*, 29 Cal.4th at p. 151, fn. omitted.)

Rees failed to present evidence raising any triable issue as to whether he and Laubscher were partners. There was no evidence that Rees and Laubscher were co-owners of a law firm or law office. It is undisputed that neither of them was a shareholder in Daar & Newman or in any other law firm. The sworn allegations in Rees's verified complaint establish that he and Laubscher were both "of counsel" to Daar & Newman during the relevant time period. There is no evidence that the parties agreed to share and in fact shared any "profits." Rather, the evidence shows an agreement to divide, and division of, "fees" paid by clients. Evidence that Rees and Laubscher sometimes referred to one another as "partners" in email correspondence, without more, is insufficient to raise a triable issue as to the existence of a partnership.

### 3. Unpled theories not presented below

Rees contends summary judgment was improperly granted because he has viable causes of action for quantum meruit and breach of fiduciary duties. Rees failed to allege causes of action for quantum meruit or breach of fiduciary duty and failed to argue those theories when opposing summary judgment in the trial court below. He accordingly forfeited the right to do so in this appeal. (*Perez v. Grajales* (2008) 169 Cal.App.4th 580, 591-592 [arguments raised for the first time on appeal are deemed forfeited]; *Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1254 [to create a triable issue of material fact, opposition evidence must be directed to issues raised by the pleadings].)

### B. Dissolution of partnership and accounting

As discussed in section II.A.2 above, Rees presented no evidence that raises a triable issue as the existence of a partnership between him and Laubscher. Summary judgment was therefore properly granted as to Rees's cause of action for dissolution of partnership and an accounting.

### III. Cost motion

Rees contends the trial court erred by denying his motion for costs as the prevailing party under Code of Civil Procedure section 1032 after Laubscher voluntarily dismissed his cross-complaint against him. Code of Civil Procedure section 1032, subdivision (b) states that "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." Code of Civil Procedure section 1032, subdivision (a)(4) defines "prevailing party" to include "a defendant in whose favor a dismissal is entered."

Not all voluntary dismissals, however, make the defendant a "prevailing party" for purposes of cost recovery under the statute. "[T]he issue of whether a voluntary dismissal was truly entered 'in favor' of the defendant can arise in a variety of procedural settings, may involve questions of fact [citation], and is in any event a matter best left to the sound discretion of the trial court [citations]." (*Damian v. Tamondong* (1998) 65 Cal.App.4th 1115, 1130.) In the instant case, because Laubscher prevailed on all of the causes of action Rees asserted against him before dismissing his cross-claims against Rees, Rees cannot be said to have "prevailed" against Laubscher, even though the cross-complaint against him was dismissed. (See *id.* at pp. 1125-1130 [discussing cases].)

The trial court did not abuse its discretion by denying Rees's motion for costs.

### DISPOSITION

The judgment is affirmed, as is the order denying Rees's motion for costs. Laubscher is awarded his costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
              CHAVEZ

We concur:

_____, Acting P. J.  _____, J.*
ASHMANN-GERST                   FERNS
_____
\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.